IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00268-RBJ-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CLIFFORD LEWIS,

    Defendant.

## ORDER OF DETENTION

    THIS MATTER came before the Court for a detention hearing on September 9, 2021.

    The government is requesting detention in this case.   The defendant contested detention and both sides offered argument beyond the contents of the bail report.   In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must be

1

established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person including–

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Originally, weighing the factors set out in the Bail Reform Act, based on Defendant's acceptance into substance abuse counseling and a sober living facility, I found that there were

conditions of release that would adequately address the risk of flight and the risk to the community. [Doc. 18]. Therefore, Mr. Lewis was set for a bond release hearing on September 13, 2021. [*Id.*]. The Government did not appeal that release determination to the presiding judge. Immediately prior to the Bond Release hearing, the court was advised that Defendant had been incorrectly released from the custody of Larimer County, and that Larimer County had filed a detainer against him. Release, therefore, was no longer appropriate.

Accordingly, I find the following: Defendant has been charged by Indictment with one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g). The Pretrial Services Report recounted a significant number of criminal activity associated with drug and/or alcohol and recommended detention.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for

the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   September 14, 2021                    BY THE COURT:

_Nina Y. Wang_
Nina Y. Wang
United States Magistrate Judge