IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00268-RBJ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**CLIFFORD LEWIS,**

       **Defendant.**

___

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
SIXTY (60) DAYS FROM THE SPEEDY TRIAL ACT**
___

Clifford Lewis, through counsel, Laura H. Suelau, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding sixty days from the speedy trial time limitations. The government does not oppose this Motion. In support of this Unopposed Motion, Mr. Lewis states as follows:

**I.**      **Procedural Background**

      1.      On August 11, the government filed a one count Indictment against Mr. Lewis. Doc. 1. The Indictment alleges Mr. Lewis committed one violation of 18 U.S.C. § 922(g)(1), possession of a firearm and ammunition by a felon. The indictment also contains a forfeiture allegation.

      2.      Mr. Lewis was arrested on that charge and first appeared before Magistrate N. Reid Neureiter on August 31, 2021. An Arraignment, Detention and Discovery Conference hearing was set for September 3, 2021. Doc. 5.

      3.      On September 2, 2021, the Marshals informed the parties that Mr. Lewis was in the hospital and would be unable to appear on September 3, 2021. The Arraignment, Detention and Discovery Conference hearing was reset to September 7, 2021. Doc. 9.

4.On September 7, 2021, Mr. Lewis entered a plea of not guilty. Judge Nina Y. Wang entered a Discovery Conference Memorandum setting a disclosure deadline of September 7, 2021. Doc. 14. Judge Wang, at the request of undersigned counsel, continued the detention hearing until September 9, 2021.

5.On September 9, 2021, after argument, Judge Wang set a hearing for September 14, 2021 to determine the appropriateness of Mr. Lewis' release plan. Specifically, his residence at Emmy's House and enrollment in Summit Stone for the purpose of drug and alcohol treatment.

6.On September 14, 2021, the parties learned of a detainer from Larimer County. In light of that detainer, Judge Wang determined release was not appropriate at that time. Judge Wang further stated that Mr. Lewis may revisit detention if that detainer is resolved. Doc. 20.

7.The seventy-day deadline is November 10, 2021. Doc. 14.

8.Counsel received initial discovery from the government on September 3, 2021. Discovery consists of approximately 300 pages of written discovery and 27 audio or video recordings.

9.Undersigned counsel has met and conferred with Mr. Lewis.

Speedy Trial Calculation

10.Twenty-six days have passed since August 31, 2021, not including that date. As a result, 44 days remain in the original 70-day period. An exclusion of 60 days would move the 70-day date to approximately January 9, 2022.[1]

Justification for an Extension

A summary of the government's evidence, based on the Discovery, is as follows:

On April 29, 2021, Loveland Police Department received reports of an altercation at the Circle K gas station. During a dispute between two motorists, one allegedly pointed a firearm at the

---

[1] An exclusion of 60 days from today's date would go until November 26, 2021. 44 days after November 26, 2021 is January 9, 2022. The filing of this motion tolls the Speedy Trial Clock until this Court issues an Order.

other before eventually driving away. Based on that information and a review of surveillance video, Loveland Police Officers located and contacted Mr. Lewis in a car identified as similar to the one from Circle K. Mr. Lewis was arrested and his car was searched. Recovered from the car were three firearms, 4 silencers, and one suspected explosive device.

11. Based on counsel's experience defending criminal cases, she believes a number of tasks required to represent Mr. Lewis effectively remain outstanding.

12. First, counsel must conduct a thorough review of the provided discovery. Counsel has done a preliminary review of the discovery provided to date, however, a more in-depth review is necessary. Specifically, counsel must review the hours of surveillance footage provided and determine whether any discovery is outstanding.

13. Second, counsel must research potential pretrial motions, including motions related to the validity of the search of Mr. Lewis's car. That search was conducted without a warrant and the reports provided in discovery do not provide any legal justification for the search.

14. Third, counsel must evaluate possible defenses to the crime alleged and discuss such defenses with Mr. Lewis.

15. Fourth, counsel must conduct the investigation necessary in this case.

16. Fifth, undersigned counsel must determine Mr. Lewis' sentencing exposure in the present case and, if so desired, negotiate a potential disposition with the government. This is Mr. Lewis' first federal criminal case. Counsel must take the time necessary to explain to Mr. Lewis the federal criminal trial, plea and sentencing processes, federal sentencing guidelines, and federal statutory sentences.

17. Relatedly, the government has indicated to counsel that testing of the alleged silencers remains outstanding. Those tests may impact Mr. Lewis' potential sentencing exposure.

18. Finally, counsel is continuing to work to resolve Mr. Lewis's outstanding warrants in Larimer County in the hopes of allowing him to be released to treatment for his drug addiction.

19.     Undersigned counsel contacted the government about the present motion. The government has no objection to the extension requested.

20.     Mr. Lewis has no objection to the instant motion, and is in favor of counsel taking the time necessary to represent him effectively.

## II.     Standard for Continuances

21.     Title 18 U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

22.     Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
. . . .
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

23.     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance

and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

24. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1330 (2010).

### III.   Argument

25. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 60 days from the speedy trial calculations.

26. Mr. Lewis is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

27. Undersigned counsel requires 60 additional days to conduct investigation, review discovery, research potential pretrial motions, effectively advise Mr. Lewis, and, if necessary, prepare for trial.

28. Undersigned counsel consulted government counsel and he does not object to the requested exclusion of time.

29. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

30. Finally, a continuance for 60 days is supported by the standard set forth by the Tenth Circuit in the *West* decision.

31. Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel prior to the trial date as contemplated by the current speedy trial time-frame.

32. Undersigned counsel believes that the requested extension would serve the requested purpose.

WHEREFORE, Mr. Lewis respectfully requests that this Court issue an Order excluding 60 days from the speedy trial time limitations reset applicable dates and deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2021, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
SIXTY (60) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Rajiv Mohan, Assistant United States Attorney
rajiv.mohan@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Clifford Lewis (U.S. Mail)

s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant