IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00268-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLIFFORD LEWIS,

    Defendant.

## PLEA AGREEMENT

The United States of America, by and through Rajiv Mohan, Assistant United States Attorney, and the defendant, Clifford Lewis, personally and by counsel, Laura Suelau, Assistant Public Defender, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.   This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to (1) plead guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm or ammunition by a previously convicted felon; (2) waive certain appellate and collateral-attack rights, as explained in detail below; and (3) agree not to contest forfeiture, as more fully described below.

**B. Government's Obligations:**

The government agrees to, provided that the defendant does not engage in

prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4, between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

The government further agrees that, with consent of the Court pursuant to Fed. R. Crim. P. 11(a)(2), the defendant may enter his plea of guilty conditionally, reserving the right to have an appellate court review the Court's order (Doc. 47) denying his motion to suppress (Doc. 35).   For purposes of this plea agreement, the appellate waiver as stated below does not affect the defendant's right to appeal from the Court's order denying his motion to suppress.

## C.  Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including any restitution order), unless it meets one of the following criteria: (1) the sentence exceeds the maximum sentence provided in the statute of conviction; (2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 23; or (3) the government appeals the sentence imposed.   If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.

But if one of the latter two criterion apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including any restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:   (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.   In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range as calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to

consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D.     Forfeiture of Assets**

The defendant admits to the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or the defendant's nominees or elsewhere. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose on the defendant in addition to forfeiture.

## II.  ELEMENTS OF THE OFFENSE

The parties agree that the elements for a violation of 18 U.S.C. § 922(g)(1) are as follows:

*First*:  The defendant knowingly possessed a firearm or ammunition.

*Second*:  The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or

4

ammunition.

*Third*:   At the time he possessed the firearm or ammunition, the defendant knew that he had been convicted of such an offense.

*Fourth*:   Before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another.

## III.   STATUTORY PENALTIES

The maximum penalties for a violation of 18 U.S.C. § 922(g)(1) are:   not more than 10 years of imprisonment; not more than a $250,000 fine, or both; not more than 3 years of supervised release; and a $100 special assessment fee.   If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV.   COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below.   Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.   To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-

contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct: On April 29, 2021, Loveland Police Department officers responded to a report of a dispute at a gas station in Loveland, Colorado. Witnesses reported that a man, later identified as the defendant, exited a green Dodge Durango with a trailer and pointed a gun at someone in another car driving away.

Shortly after responding to the scene, officers located a green Dodge Durango with a trailer. The defendant was standing by the car, which was his. There was no one else around. His physical characteristics matched the man with the gun on the surveillance footage and the witnesses' accounts of gunman.

Officers searched the car and found a 12-gauge shotgun, a .22 caliber revolver, a 9mm pistol, four homemade silencers, and a pipe bomb. The defendant possessed all of these items. The shotgun was a Charles Daly Model 601, manufactured by Alder Silah Sanayii in Turkey, with serial number 19CH-00620. It functioned as designed. Before April 29, 2021, the firearm had crossed state lines.

Before April 29, 2021, the defendant had been convicted of a felony offense, and knew he had been convicted of such an offense.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing

6

Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (U.S.S.G.). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

    A.    Under U.S.S.G. § 2K2.1(a)(4)(B), the base offense level is 20.

    B.    Specific offense characteristics: There is a **2-level** increase because the offense involved 3-7 firearms. U.S.S.G. § 2K2.1(b)(1).

The government believes there is a **4-level** increase, because the defendant possessed any firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). The defendant disputes this enhancement.

    C.    Adjustments: There are no victim-related, role-in-offense, obstruction, and/or multiple count adjustments.

    D.    The government's estimated adjusted offense level therefore would be **26**. The defendant's estimated adjusted offense level therefore would be **22**.

    E.    The defendant should receive a 3-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The resulting total offense level under the government's calculation therefore would be **23**. The resulting total offense level under the defendant's calculation therefore would be **19**.

F. The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe that the defendant is in criminal history category III.

G. The career-offender, criminal-livelihood, and armed-career criminal adjustments do not apply.

H. <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from these calculations under the government's estimate is **57-71 months**. The advisory guideline range of imprisonment resulting from these calculations under the defendant's estimate is **37-46 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above by the government could conceivably result in a range of 46 months (bottom of Category I) to 115 months (top of Category VI). The offense level estimated above by the defendant could conceivably result in a range of 30 months (bottom of Category I) to 78 months (top of category VI).

H. <u>Fine</u>: Pursuant to § 5E1.2, assuming an estimated offense level of 23, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties. Assuming an offense level of 19, the fine range for this offense would be $10,000 to $100,000, plus applicable interest and penalties.

I. <u>Supervised Release</u>: The guideline range of supervised release under § 5D1.2(a)(2) is at least 1 year but not more than 3 years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less

8

than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 5-16-22

Clifford Lewis
Defendant

Date: 5/16/22

Laura Suelau
Attorney for the Defendant

Date: 5/16/2022

Rajiv Mohan
Assistant United States Attorney