IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00268-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLIFFORD LEWIS,

    Defendant.

---

**OBJECTIONS TO PRESENTENCE REPORT**

---

    The United States of America submits these objections to the presentence report in this case. Specifically, the government objects to probation's failure (in paragraphs 30-32) to apply a four-level enhancement for possession of a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B).

    This case arises out of an incident at a gas station, which ultimately led to the arrest of the defendant, Clifford Lewis. The incident was captured on video from the gas station, which the government is conventionally submitting to the Court (the video is located at INV_263). On that video, Lewis can be seen walking toward a black Nissan at one of the pumps. Lewis is holding an object in his hand behind his back. It will soon become obvious what that object is. As Lewis walks toward the Nissan, the Nissan starts to drive away and turns toward Lewis. At this point, Lewis reveals the object behind his back—a gun—and points it at the Nissan. A screenshot is below.



Gas-station employees saw Lewis with a gun, and called the police. *See* PSR ¶ 19; Doc. 36-1 at 6-8. As this Court is aware from the suppression hearing in this case, officers found Lewis a short distance away from the gas station. He was detained and his car searched. Inside the car, officers found a shotgun, an unloaded revolver, loaded pistol, and a disassembled pistol, among various rounds of ammunition and firearm parts, and so forth. PSR ¶ 16.

The enhancement under § 2K2.1(b)(6)(B) applies if the firearm "facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1, application note 14(A). Here, there is sufficient evidence that Lewis's possession of firearms facilitated felony menacing, in violation of C.R.S. § 18-3-206(a).

Under C.R.S. § 18-3-206(1), a person commits felony menacing if "by any threat or physical action, he or she knowingly places or attempts to place another person in

fear of imminent serious bodily injury" and does so "by the use of a firearm, knife, or bludgeon or a simulated firearm, knife, or bludgeon."  The Tenth Circuit has affirmed application of the enhancement (albeit on plain-error review) in connection with felony menacing when the defendant had a firearm in his waistband and broke into a home occupied by his recently estranged wife.  *See United States v. Gutierrez-Borjas*, 587 F. App'x 475, 478 (10th Cir. 2014).

It would seem to be beyond dispute that pointing a gun at someone would generally suffice to commit felony menacing.  Indeed, hat action is not even necessary, for felony menacing to lie.  *See People v. Hines*, 780 P.2d 556, 559 (Colo. 1989) ("We also conclude that an offender may commit felony menacing by the 'use' or a firearm without actually pointing the firearm at another person.").

Here, Lewis walked toward the Nissan while it was still parked at the pump.  He did so with a gun in his hand behind his back.  He then knowingly pointed the gun at the occupants of the Nissan as they drove away.  In doing so, he knowingly placed the occupants in fear of imminent serious bodily injury.

Probation nevertheless declines to apply the enhancement on the basis that "it is unclear from the video, and any other accounts, whether the defendant presented his firearm to invoke a response from the Nissan to drive towards him, or if the Nissan drove towards the defendant to invoke a response in which the defendant pointed his firearm."  PSR ¶ 7.  The implication appears to be that, in probation's view, it is unclear whether Lewis acted in self-defense in pointing the gun at the Nissan as the car drove toward him.  Lewis's own statement, although he does not admit to pointing the gun,

3

hints at self-defense when he said that the Nissan tried to run him over.  *See* PSR ¶ 18.

"Self-defense is an affirmative defense to the crime of felony menacing if the defendant (1) threatened force upon another person to defend against the use or imminent use of unlawful physical force, and (2) reasonably believed that the degree of force threatened was necessary for that purpose." *People v. Bachofer*, 192 P.3d 454, 463 (Colo. Ct. App. 2008).  Ultimately, the question is about the defendant's intent.  *See Yusem v. People*, 210 P.3d 458, 465 (Colo. 2009) ("[T]he question for the jury is whether the defendant used the gun to defend himself or whether he acted only to menace his victim."); *see also id.* ("[T]he defendant's mental state and rebutting self-defense are two sides of the same inquiry.").

Here, the most probative fact as to Lewis's intent is that he walked toward the Nissan with a gun in his hand *before the car even moved*, which belies any notion that he acted in self-defense in response to the car coming at him.  Lewis was not an innocent bystander who happened to face an oncoming car and pulled out a gun.  Moreover, although the Nissan moves in Lewis's direction, and comes quite close to him, it does not appear that the car intentionally tries to run him over.  That can be seen in the angle by which the car approaches Lewis, which is more parallel than head-on.

To rebut one point Lewis is likely to make in response, it is true that the occupants of the Nissan were never located.  Lewis has stridently asserted before in the context of his suppression motion that there can be no felony menacing without a victim.  This is demonstrably not the case.  It is "unnecessary to prove that the victim actually knew a deadly weapon was involved" and it is "unnecessary for the victim to actually

hear or be cognizant of any threat from the defendant." *People v. Saltray*, 969 P.3d 729 (Colo. Ct. App. 1998).  So long as the "defendant knew his actions, if discovered, would place the victim in fear of imminent serious bodily injury by use of a deadly weapon, then the intent element of the offense may be established." *Id.*  It follows that felony menacing can be established by the defendant's own actions without regard to the victim's reaction or knowledge or therefore identity.

Dated:  August 31, 2022

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:  Rajiv.Mohan@usdoj.gov

5

## CERTIFICATE OF SERVICE

  I hereby certify that on August 31, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.  I further certify that the conventionally submitted materials have already been produced to defense counsel in discovery, but will re-produced to her anyway.

  Laura Suelau        Laura_Suelau@fd.org

               By:  s/ *Rajiv Mohan*
               Rajiv Mohan
               Assistant U.S. Attorney
               U.S. Attorney's Office
               1801 California Street, Suite 1600
               Denver, CO 80202
               Telephone: 303-454-0100
               Fax:  303-454-0406
               E-mail:  Rajiv.Mohan@usdoj.gov