```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF COLORADO

 3   Criminal Action No. 22-cr-00268-RBJ-1

 4

 5    UNITED STATES OF AMERICA,

 6              Plaintiff,

 7              vs.

 8    CLIFFORD LEWIS,

 9              Defendant.

10   -----------------------------------------------------------

11                         REPORTER'S TRANSCRIPT
                              Change of Plea
12
     -----------------------------------------------------------
13
              Proceedings before the HONORABLE R. BROOKE JACKSON,
14   Senior Judge, United States District Court for the District of
     Colorado, commencing on the 16th day of May, 2022, in
15   Courtroom A902, United States Courthouse, Denver, Colorado.

16                               APPEARANCES

17   For the Plaintiff:
     RAJIV MOHAN, U.S. Attorney's Office, 1801 California St., Ste.
18   1600, Denver, CO 80202

19   For the Defendant:
     LAURA H. SUELAU, Office of the Federal Public Defender, 633
20   Seventeenth St., Ste. 1000, Denver, CO 80202

21

22

23

24

25      Sarah K. Mitchell, RPR, CRR, 901 19th Street, Room A252,
                    Denver, CO 80294, 303-335-2108
            Proceedings reported by mechanical stenography;
                 transcription produced via computer.
```

22-cr-00268-RBJ-1      Change of Plea           05/16/2022    2

1              *         *         *         *         *
2         (The proceedings commenced at 1:54 p.m.)
3              THE COURT:  21-cr-268, United States versus Clifford
4    Lewis, set this afternoon for a potential change of plea
5    hearing.  Appearances.
6              MR. MOHAN:  Good afternoon, Your Honor.  Rajiv Mohan
7    for the United States.
8              THE COURT:  Mr. Mohan.
9              MS. SUELAU:  Good afternoon, Your Honor.  Laura
10   Suelau on behalf of Mr. Lewis, and he's present at counsel
11   table in custody.
12             THE COURT:  Thank you.
13             So, Mr. Lewis, you are accused of being a felon in
14   possession of a firearm and/or ammunition.  That's the crime
15   they're charging you with.  Do you understand that?
16             THE DEFENDANT:  Yes, Your Honor.
17             THE COURT:  You pled not guilty to that, which, of
18   course, is your right.  But now you want to change your plea
19   to guilty; is that true?
20             THE DEFENDANT:  Yes, it is, Your Honor.
21             THE COURT:  All right.  So before I can accept your
22   plea I have to ask you some questions, and to do that I'm
23   going to put you under oath.  So please raise your hand.
24        (Defendant sworn.)
25             THE COURT:  So are you under the influence of any

                         Sarah K. Mitchell, RPR, CRR

```
22-cr-00268-RBJ-1      Change of Plea          05/16/2022    3
```

1    drugs, medication, or alcohol today?
2             THE DEFENDANT:  No, I'm not.
3             THE COURT:  Ms. Suelau is your lawyer.  Has she done
4    a good job?
5             THE DEFENDANT:  Yes, she has.
6             THE COURT:  Good.  And I'm sure you are aware that
7    you and she presented to the Court two documents, one is a
8    plea agreement, and the other is a statement by defendant in
9    advance of plea.  And I have those here, and they've been
10   marked as Court Exhibits 1 and 2.  Did you read those
11   documents?
12            THE DEFENDANT:  Yes, Your Honor.
13            THE COURT:  Did you discuss them with your lawyer?
14            THE DEFENDANT:  Yes.
15            THE COURT:  Did you have as much time and opportunity
16   as you felt you need to get her advice about what's in there?
17            THE DEFENDANT:  I believe so.
18            THE COURT:  After being advised by her and reading
19   those documents and understanding them, hopefully you still
20   want to go ahead with this; is that true?
21            THE DEFENDANT:  Yes, Your Honor.
22            THE COURT:  Do you feel you do understand what's in
23   those documents?
24            THE DEFENDANT:  I do.
25            THE COURT:  I don't expect you to have them memorized

                              Sarah K. Mitchell, RPR, CRR

22-cr-00268-RBJ-1      Change of Plea            05/16/2022    4

1  or anything, but the basic substance you think you understand?
2              THE DEFENDANT:  Yes.
3              THE COURT:  Okay.  Now, one of those items in the
4  documents, and I want to talk with you about it for a few
5  minutes, is your right to a trial.  As an accused person, you
6  have a right to trial by a jury.  That would be a jury of 12
7  citizens.  And the Government has the burden to try to prove
8  beyond a reasonable doubt that you did what they accuse you of
9  doing.  You understand that?
10             THE DEFENDANT:  Yes, sir.
11             THE COURT:  And they have to convince all 12 jurors,
12 not 11, not 10, but all 12.  If they can't get a unanimous
13 verdict, then you would be found not to be convicted.  Do you
14 understand that?
15             THE DEFENDANT:  I do, Your Honor.
16             THE COURT:  Now, as part of that right to a trial by
17 jury you have a right and your lawyer has a right to
18 participate in the trial, to participate actively in the
19 trial.  Meaning, from the very beginning when they bring in a
20 much larger group than 12 from whom the jurors will be
21 selected, you and your lawyer have a right to inspect them.
22 She has a right to ask them questions.  You can discuss each
23 juror with her and decide which of those jurors you would like
24 to excuse.  Do you understand that?
25             THE DEFENDANT:  Yes, Your Honor.

                         Sarah K. Mitchell, RPR, CRR

22-cr-00268-RBJ-1      Change of Plea           05/16/2022    5

1            THE COURT:  Once we have a jury, then both sides have
2    a right to have their lawyer stand up and make an opening
3    statement describing their position to the jury.  Then the
4    Government presents evidence.  It has to do that because they
5    have to try to prove that you're guilty.  Your lawyer can
6    challenge their evidence, object to questions that they might
7    ask their witnesses, object to the admission of documents,
8    whatever.  And you should expect that Ms. Suelau, who's an
9    experienced lawyer, would do that.
10            Then once the Government's presented its case, you
11   and she have a right to present your case, if you wish.  Of
12   course, your case begins with the fact that the lawyer
13   presumes that you are innocent.  You don't have to prove that.
14   It's presumed.  And so that's all the case you need right
15   there, but you do have a right to present evidence, if you
16   wish.  You have a right to take the stand under oath and
17   testify and tell the jurors your side of the story, but you
18   don't have to do that.  You can remain silent.  Those are
19   rights that you have.  Do you understand all of that?
20            THE DEFENDANT:  Yes, Your Honor.
21            THE COURT:  Very importantly, if I accept your plea
22   today you will have waived your right to a trial by jury.
23   That will be gone.  Do you understand that?
24            THE DEFENDANT:  Yes, I do.
25            THE COURT:  Are you sure that's what you want to do?

                              Sarah K. Mitchell, RPR, CRR

22-cr-00268-RBJ-1      Change of Plea           05/16/2022    6

1                THE DEFENDANT:  Yes.
2                THE COURT:  Is anybody putting pressure on you to do
3     that?
4                THE DEFENDANT:  No, sir.
5                THE COURT:  All right then, let's talk about this
6     particular crime that you're charged with.  On page 4 of your
7     plea agreement, Court Exhibit No. 1, there's a list of
8     elements of the offense.  That's simply a short list of what
9     the Government would have to try to prove at trial.  First
10    element, you knowingly possessed a firearm or ammunition;
11    second, you had previously been convicted of a felony; third,
12    when you possessed the firearm or ammunition, you knew that
13    you had previously been convicted of a felony; and, fourth,
14    the firearm or ammunition at some point had moved in
15    interstate commerce.  Are you guilty of a crime with those
16    four elements?
17               THE DEFENDANT:  Yes, Your Honor.
18               THE COURT:  Now, still on page 5, because the
19    elements were on pages 4 and 5, there's a section called
20    statutory penalties.  You can see it there, and it says that
21    the maximum penalty in terms of imprisonment for this offense
22    is ten years.  The Court can put you in prison for up to ten
23    years, but not more.  With respect to a possible fine, up to
24    $250,000, but not more.  With respect to supervised release,
25    which is parallel to parole in the state system, not more than

                            Sarah K. Mitchell, RPR, CRR

22-cr-00268-RBJ-1      Change of Plea           05/16/2022    7

1  three years.  Do you understand that?
2          THE DEFENDANT:  Yes, Your Honor.
3          THE COURT:  Courts don't just look at the statutory
4  maximums.  We are required to look at a number of other
5  factors, one of which is the recommendation of the federal
6  sentencing guideline commission.  Have you discussed the
7  guidelines and the commission with your lawyer?
8          THE DEFENDANT:  I have.
9          THE COURT:  The guideline commission issues its
10 recommendation in terms of numbers.  There is an offense level
11 assigned to the crime, there is a criminal history category
12 that's assigned to your personal criminal history, and then
13 from those two numbers there is a chart that generates a
14 recommended range.  It's not binding on the Court.  It's not
15 binding at all.  I just have to consider it.  You understand
16 that process?
17         THE DEFENDANT:  Yes, Your Honor.
18         THE COURT:  And in your case, in your plea agreement,
19 the parties have estimated what they think the numbers might
20 be.  So I'd like to talk with you about that for a second.
21 They have estimated on a preliminary basis that they think the
22 offense level is going to be either 19 or 23.  The two sides
23 don't agree on that.  The Government thinks it's 23.
24 Ms. Suelau thinks it's 19.  That's to be resolved ultimately
25 by the Court.  They tentatively agree that they think the

                          Sarah K. Mitchell, RPR, CRR

22-cr-00268-RBJ-1      Change of Plea           05/16/2022    8

1  criminal history category is III.  And then if those numbers
2  turn out to be correct, and the probation office as well as
3  the Court will take a look at them, then according to which of
4  those two offense levels is the correct one, the recommended
5  range from the guideline commission is either 37 to 46 months
6  in prison, roughly 3 to 4 years, or 57 to 71 months, which
7  would roughly be 5 to 6 years.  Again, those are preliminary
8  numbers subject to review, and it's not binding on the Court
9  anyway, but it certainly is a factor that the judges always
10 consider.  Do you understand that?
11            THE DEFENDANT:  Yes.
12            THE COURT:  Other factors that the Court considers,
13 of course, the nature and circumstances of the offense.
14 That's obvious.  Your personal history, as well as your
15 criminal history.  Sometimes that plays an important role in
16 sentencing.  Punishment is a factor, obviously.  Promotion of
17 respect for the law kind of relates to that.  Deterrence.
18 Deterrence means would my sentence discourage you from doing
19 this again, would it discourage other people who might hear
20 about this case from possessing a firearm or ammunition if
21 they are a felon.  Deterrence, that's always an important
22 factor.
23            Community safety.  We're talking about weapons,
24 weapons in the possession of somebody who has been convicted
25 of a serious crime before, so there are community safety

                              Sarah K. Mitchell, RPR, CRR

```
22-cr-00268-RBJ-1      Change of Plea           05/16/2022    9
```

1   aspects to that.  Restitution to victims.  This isn't that
2   type of case, I don't think.  Rehabilitation.  If you have any
3   substance abuse or mental health issues, and I don't know,
4   sometimes rehabilitation either in prison or on supervised
5   release could be a factor.  Do you understand?
6            THE DEFENDANT:  Yes.
7            THE COURT:  Those are all factors the Court will
8   consider, as well as the positions that your lawyer, the
9   Government lawyer, probation office, and you take.  You
10  understand that?
11           THE DEFENDANT:  Yes, I do.
12           THE COURT:  Now, finally I want to talk about the
13  facts just briefly, because there is a section in your plea
14  agreement on page 5 and it continues over onto page 6 called
15  stipulation of facts.  I'll just summarize it.  I'm not going
16  to read it, but summarize it.  It says that on April 29th of
17  last year, 2021, there was an incident at a gas station.
18  We've talked about that before in this courtroom, haven't we?
19  There was a motions hearing.  I remember it.  An incident at a
20  gas station where an individual who had been driving a green
21  Dodge Durango pulling a trailer got into some scrap with
22  another person at the gas station and pulled a gun and pointed
23  it at the other person's car, and that was you.
24           Officers didn't take very long before they discovered
25  your car and you.  This was in Loveland, all of this took

                              Sarah K. Mitchell, RPR, CRR

22-cr-00268-RBJ-1       Change of Plea         05/16/2022    10

1   place in Loveland, Colorado.  So they came across you and your
2   car, and ultimately they searched the car, and they found a
3   12-gauge shotgun and also a 22-caliber revolver and a
4   nine-millimeter pistol, four homemade silencers, and a pipe
5   bomb.  Those objects had traveled across state lines in
6   interstate commerce.  They were weapons, firearms or related
7   items, and you knew when you possessed those items that you
8   had a felony, you weren't supposed to have those.  True?
9             THE DEFENDANT:  Yes.
10            MS. SUELAU:  Your Honor, I apologize.  May I have a
11  moment to confer with the Government on something with the
12  factual basis I just noticed and I should have noticed before
13  this?
14            THE COURT:  Sure.  Go ahead.
15            MS. SUELAU:  Your Honor, my apologies.  The
16  Government and I previously spoke and did not remove what
17  should be removed, which is four homemade silencers and a pipe
18  bomb.  I've noted that on this copy and initialed that, but
19  that should be struck.
20            THE COURT:  Stricken.
21            MS. SUELAU:  Stricken.  There we go.  So it should
22  just read a 12-gauge shotgun, a 22-caliber revolver, and a
23  nine-millimeter pistol, end sentence.
24            THE COURT:  All right.  You agree?
25            MR. MOHAN:  Yes, Your Honor.

                         Sarah K. Mitchell, RPR, CRR

22-cr-00268-RBJ-1      Change of Plea         05/16/2022    11

1            THE COURT:  I'll strike those out and initial on my
2    copy of Exhibit 1 that those are out.  So with the exception
3    of those two items which now are out of the case, at least out
4    of the stipulation of facts, are the other facts that I
5    summarized true?
6            THE DEFENDANT:  Yes, they are, Your Honor.
7            THE COURT:  All right.  So we've talked about the
8    facts.  We've talked about sentencing, the maximums, the other
9    factors the Court considers.  One last thing to talk about is
10   your right to an appeal.  There is a court -- there's more
11   than one court that are above this court, but people who are
12   convicted of crimes and sentenced have a right to an appeal to
13   a higher court, but as part of your plea agreement, and I'm
14   looking now at page 2 through page 4, you have agreed to
15   partially waive your right to an appeal.  There are some
16   exceptions that are listed there, six in all, and if those
17   exceptions, one or more of them, applies, then, fine, you can
18   appeal.  But if none of those exceptions applies, you can
19   still file an appeal, no one can stop you from doing that, but
20   the appellate court probably would not consider your appeal
21   because of your waiver of that right.  Do you understand that?
22           THE DEFENDANT:  Yes.
23           THE COURT:  Do you have any questions about that?
24           THE DEFENDANT:  Not at this time.
25           MS. SUELAU:  Your Honor, if I just may offer a

                         Sarah K. Mitchell, RPR, CRR

22-cr-00268-RBJ-1      Change of Plea           05/16/2022    12

1    clarification.  This is a conditional plea.  So Mr. Lewis is
2    aware that what Your Honor stated is accurate as to his
3    sentence, but that he is conditionally preserving the right to
4    appeal Your Honor's prior ruling as to the motion to suppress.
5              THE COURT:  That's okay.  It's conceivable that I
6    made a mistake on that.  It's happened before.  So I don't
7    have any problem with your appealing if you want to on that
8    issue.  But other than that, you've waived your right to an
9    appeal unless one of these exceptions applies, right?
10             THE DEFENDANT:  Yes.
11             THE COURT:  Any questions about that?
12             THE DEFENDANT:  No.
13             THE COURT:  Are you sure this is what you want to do?
14             THE DEFENDANT:  Yes, it is.
15             THE COURT:  All right.  Mr. Lewis, how do you wish to
16   plead to the charge?
17             THE DEFENDANT:  Guilty, Your Honor.
18             THE COURT:  The Court finds that you have been
19   represented by counsel and you've indicated that Ms. Suelau
20   has done a good job for you.  The Court finds that you've been
21   advised, not just by your lawyer, but also in writing, these
22   documents, and by the Court.  The Court finds that you've
23   acknowledged the factual basis for the plea.  Finally, the
24   Court finds from our discussion, as well as the documents and
25   the lawyers, that you're doing this voluntarily, knowingly,

```
22-cr-00268-RBJ-1       Change of Plea         05/16/2022   13
```

1  and intelligently, not under pressure or duress from anyone.
2           The Court will, therefore, accept your plea, find
3  that you are guilty as charged, subject to that appellate
4  issue that she talked about.  If you want to appeal, make sure
5  you do it within 14 days, otherwise you lose that right.  And
6  we'll set a sentencing hearing for you.
7           THE COURTROOM DEPUTY:  Your Honor, I did not clear
8  any dates with the parties, but our first available is
9  August 4th at 9:00 a.m.
10          MS. SUELAU:  Your Honor, I'm scheduled for a trial
11 that week in front of Judge Martinez that I anticipate will go
12 to trial.  Is there another date?
13          THE COURTROOM DEPUTY:  After that I have August 19th
14 at 8:30.
15          MR. MOHAN:  That works for me.
16          MS. SUELAU:  Me as well.
17          THE COURT:  August 19th at 8:30 for sentencing.  Is
18 there anything else this afternoon?
19          MR. MOHAN:  No, Your Honor.  Thank you.
20          MS. SUELAU:  No, Your Honor.  Thank you.
21          THE COURT:  All right.  Thank you, all.  Thank you,
22 marshals.  We'll give him back to you.
23          THE MARSHAL:  Thank you, sir.
24          THE COURTROOM DEPUTY:  All rise.
25     (The proceedings were concluded at 2:13 p.m.)

                              Sarah K. Mitchell, RPR, CRR

1        REPORTER'S CERTIFICATE

2

3        I, SARAH K. MITCHELL, Official Court Reporter for the
4   United States District Court for the District of Colorado, a
5   Registered Professional Reporter and Certified Realtime
6   Reporter, do hereby certify that I reported by machine
7   shorthand the proceedings contained herein at the time and
8   place aforementioned and that the foregoing pages constitute a
9   full, true and correct transcript.
10       Dated this 23rd day of November, 2022.
11
12
13
14             /s/ Sarah K. Mitchell
15             SARAH K. MITCHELL
               Official Court Reporter
16             Registered Professional Reporter
               Certified Realtime Reporter
17
18
19
20
21
22
23
24
25

Sarah K. Mitchell, RPR, CRR